## IRA F. DEAN v. SHATTUCK, BOUTELL AND START.

*Insane Person. Unconscionable Contract, how question should be submitted to Jury.*

1. The plaintiff claimed that the defendants held moneys that belonged to him; the defendants claimed that whatever they held, they held under a contract; the plaintiff replied, that the contract was unconscionable, and when made, that he was insane. *Held*, that, if the court erred in submitting to the jury, the effect of insanity, and whether the contract was unconscionable, the error was not vitiating,—as the jury were properly instructed to determine what the defendants' services were reasonably worth in doing what they did under the contract.
2. There was no error in instructing the jury that the services of the defendants were not "to be established by days' work,"—as it is evident that the court thereby meant, that not only their days' work, but also their care, trouble, and risk, in the business, should be considered.
3. There was no error in refusing to charge that there was no evidence to prove the item of $195.—as there was evidence to support a part of it.

ASSUMPSIT. Pleas, general issue, special pleas in bar, and notice. Trial by jury, September Term, 1883. ROYCE, Ch. J., presiding. Verdict for defendants. The jury returned a special verdict,—finding thereby, that the plaintiff was not insane when he entered into the contract of May 14th, 1877, mentioned in the opinion, and that he was capable of understanding the contract; that the defendants acted fairly and honestly with the plaintiff; that the contract was beneficial to the plaintiff; and that the services of the defendants were reasonably worth the sum contracted for. At the time the contract was made with the defendants, the plaintiff was a bankrupt, and an assignee had control of his estate.

It appeared that the plaintiff had compromised with his creditors, and a large amount of property was conveyed to the defendants by order of the U. S. District Court, to be converted into money for the purpose of paying the plaintiff's debts. The con-

tract related to the disposal of this property, and the amount that the defendants were to receive for their services, etc.

*W. D. Stewart, H. S. Royce* and *Wilson & Hall*, for the plaintiffs.

The plaintiff insisted in the court below, and now insists, that the agreement to pay $2,000 to the defendants, and $500 to Start, is unconscionable. Story Con. 432 ; *Houghton* v. *Paige*, 2 N. H. 44 ; *Thomas* v. *White*, 12 Mass. 366 ; *Cutler* v. *Hard*, 8 Mass. 258. If an unconscientious advantage is taken of one under circumstances of *distress* or improvidence, the contract founded thereon cannot be enforced at law or in equity. *Taylor* v. *Atwood*, 47 Conn. 498. The evidence on both sides tended to show that the parties were mutually mistaken in their estimate of the time necessary to perform the service stipulated to be done by the defendants in said contract, and the risk incurred. This fact materially affects the question of how far the parties are bound by the contract price, and should have been submitted to the jury with proper instructions. *Brown* v. *Lamphear*, 35 Vt. 252 ; *Ketchum* v. *Catlin*, 21 Vt. 191. The charge of the court was erroneous as to insanity. 1 Green. Ev. ss. 42, 371 ; *Foot* v. *Lathrop*, 53 Barb. 183.

*E. J. Ormsbee, Edson, Cross & Start*, and *H. F. Brigham*, for the defendants.

If there is any error shown by the record, it is cured by the findings in the special verdict. *Davis* v. *Judge*, 46 Vt. 655. It is insisted, upon these findings, even if the plaintiff had been insane and incompetent at the date of the contract, and from the fall of 1876 to the spring of 1881, the contract having been fully completed by the defendants in good faith, and the plaintiff having received the benefit of it, that there could be no recovery for the items claimed in this suit. *Moulton* v. *Camroux*, 2 Exch. 486 ; *Lincoln* v. *Buckmaster*, 32 Vt. 652. *See Farr* v. *Sumner*, 12 Vt. 28 ; *Taft* v. *Pike*, 14 Vt. 405 ; *Weed* v. *Beebe*, 21 Vt. 495 ; *Allis* v. *Billings*, 47 Mass. 415.

33

The opinion of the court was delivered by

ROWELL, J.   If there was error in not properly submitting to the jury the questions of whether or not said contract was unconscionable, and of whether or not it was void by reason of the insanity of the plaintiff, such error would not be vitiating if the question of the reasonable worth of the services was properly submitted, because the jury have found that the defendants deserved to have the same that they in fact received.   Hence we are led to consider, first, whether the case was properly submitted on this point.  The charge on this point is criticised for that the court, as is claimed, though instructing the jury to find what said services under said contract of May 14th were reasonably worth, at the same time in effect instructed them not to inquire and determine what services were in fact performed thereunder.   But the charge is not obnoxious to legal criticism in this respect.  Taking the whole charge together on this subject, there is no fair ground for saying that the jury did not thereby understand that they were to ascertain what services were rendered and disbursements made before determining the value and amount thereof.   The question itself would convey this information to them.   It was : " What were the services, etc., of the defendants reasonably worth *in doing what they did* under and in pursuance of the contract," etc ?   Then the court goes on to say : " It is conceded that if Dean should be found to have been insane when the contract was entered into, then, notwithstanding his insanity, the defendants are entitled to reasonable compensation for the services they rendered in carrying out and performing the contract."   " What were *those* services, including disbursements, reasonably worth ?"   It is true, the court told the jury that the value of said services was not to be estimated by days' work ; but it is evident that the court thereby meant that they were not to be estimated by that only, but for their care, trouble, and risk in and about the business as well ; and it is without question that these were important elements to be taken into consideration in determining such value.   The charge is not, as contended, what the services were worth that the defendants *agreed* to per-

form, but what the services were worth that they did *in fact* perform.

It is not really contended that as to Start's services and disbursements for which he received the $500 the court did not sufficiently instruct the jury to find what those services and disbursements in fact were. Nor could it be justly so contended, for the charge was full and specific on that point.

As to the item of $195, the plaintiff requested the court to charge that there was no legitimate evidence in support thereof. It was not error to refuse to comply therewith, because there was evidence to support a part thereof at least. The contract provided for the payment of attorney fees and costs in any matter or proceeding relating to the business or the collection of any of the demands assigned to them in addition to the $200 for defendants' personal care and trouble, and their time, services, and risk in and about said business. The testimony tended to show that said item was made up in part for Start's services and disbursements as attorney in some nineteen suits brought by the defendants concerning that business, eight of which went into the County Court and the Court of Chancery, and one to the Supreme Court. No claim is made but that these services and disbursements were a proper charge under said contract aside from the $2,000 therein mentioned. Hence it would have been error to comply with said request.

There was no request, as is contended in plaintiff's brief, for the court to instruct the jury to deduct from the $195 or the $2000 the sum of $109 for about three hundred dunning letters; and the record does not show that that point was in any way called to the attention of the court, or that any such claim was made at the trial. The plaintiff excepted to the charge in respect to said item of $195, but does not now point out wherein he claims error exists therein.

These holdings make it unnecessary to consider any of the other points made in plaintiff's brief.

Judgment affirmed.